■ Miriam M. Mintz v. T. Louis Mintz.— Motion for leave to reargue denied, with $10 costs. That branch of the motion seeking leave to appeal to the Court of Appeals is dismissed upon the ground that the application was not made within the time specified in subdivision 2 of section 592 of the Civil Practice Act. Concur — Botein, P. J., Breitel, Valente and Stevens, JJ.

■ The People of the State of New York v. Richard Butts.— Motion for leave to reargue granted and upon reargument motion for leave to appeal as a poor person granted to the extent and on the terms and conditions contained in the order filed herein. Concur — Botein, P. J., Breitel, Stevens and Eager, JJ.

■ (A) The People of the State of New York v. James Haynes. (B) The People of the State of New York v. John Wesley Sawyer. Concur — Botein, P. J., Breitel, Stevens and Eager, JJ. (C) The People of the State of New York v. William Harris. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.— [In each action] Motion for leave to appeal as a poor person granted to the extent and on the terms and conditions contained in the order of this court entered herein.

■ B. W. Dyer & Co., v. Monitz, Wallack & Colodney. Skrod & Co., Inc. v. Monitz, Wallack & Colodney.— Motion by appellants for reargument of appeal or for a modification of this court's decision denied. The trial court, upon sufficient evidence, found that the particular item of $23,000 was "subsequently reduced to $6,500 by repayments totaling $9,000 received from Skrod & Company and a retransfer of $7,500 from the futures into the pledge account." Cross motion by defendant-respondent for rehearing of appeal or, in the alternative, for the withdrawing of this court's decision and, in lieu thereof, the directing of an affirmance of judgment below, denied. It is clear that defendant Monitz, Wallack & Colodney was not a pledgee in good faith and for value with respect to the item of $23,000 (reduced to $6,500). In addition to what was said in this court's memorandum opinion, it is to be noted that, at time of transfer of this sum to the futures trading account of Skrod, substantial losses were being sustained in connection with such account; and a member of defendant's firm testified that transfers were made from corporate accounts to Skrod's personal or futures accounts when the latter were short. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

■ The People of the State of New York v. George Hill.— Motion to dismiss appeal granted. Concur — Botein, P. J., Valente, Stevens, Eager and Bergan, JJ.

■ Hotel Armstrong, Inc., v. Temporary State Housing Rent Commission et al.— Motion for leave to reargue denied, with $10 costs. Concur — Breitel, J. P., Valente, McNally and Stevens, JJ.

■ Lucille E. Hughes v. Thomas W. Hughes.— Motion for leave to reargue denied, but motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ Samuel J. Martin et al. v. Gregory Peck.— Motion for an enlargement of time granted insofar as to extend the plaintiff-appellant's time to serve and file the record on appeal and appellant's points to and including February 28, 1961, with notice of argument for the April 1961 Term of this court, said appeal to be argued or submitted when reached. Respondent's points are to be served and filed on or before March 15, 1961. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.

■ Hotel Armstrong, Inc., v. Temporary State Housing Rent Commission et al.— Motion for restitution of money to escrow fund denied without prejudice, however, to a similar motion at Special Term. Concur — Breitel, J. P., Valente, McNally and Stevens, JJ.